# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1292

_____

United States of America,

        Appellee,

    v.

Luz Barron,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Western District of Missouri.

[UNPUBLISHED]

_____

Submitted: November 15, 2010
Filed: November 29, 2010

_____

Before WOLLMAN, HANSEN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury found Luz Barron guilty of conspiring to distribute 50 grams or more of a substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. The district court[1] sentenced Barron to 151 months' imprisonment. Barron appeals her sentence, arguing that the district court erred in calculating her offense level because there was insufficient evidence to support the

_____

[1] The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

district court's drug quantity finding and that the district court should have adjusted her offense level downward for acceptance of responsibility. We affirm.

Barron first argues that there was insufficient evidence to support the district court's finding that Barron was responsible for distributing nearly 14 kilograms of methamphetamine, which finding resulted in an offense level of 34 (after a reduction of two levels pursuant to United States Sentencing Guidelines (USSG) § 2D1.1(b)(11)). Barron did not make this argument to the district court, so we review the district court's finding for plain error. See United States v. Hodge, 594 F.3d 614, 619 (8th Cir.), cert. denied, 130 S. Ct. 3401 (2010); Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). Barron bears the burden to show that she is entitled to relief from a plain error. Hodge, 594 F.3d at 619.

Our review of the record yields no error, much less plain error.[2] After arresting Barron for the current offense, law enforcement read Barron her rights and obtained an admission from her that she had distributed 10 to 12 pounds of methamphetamine per year for over 3 years. A long-time-customer-turned-confidential-informant testified at trial that he purchased a quarter pound of methamphetamine from Barron as often as he had sufficient money, and the Government introduced testimony that the informant's purchases were as often as weekly for a period of years. The Government conducted surveillance on two such sales—the first for five ounces and the second for eight ounces—and introduced evidence of the sales at trial. The district court was entitled to credit this evidence. Further, the presentence investigation report (PSR) detailed all of this conduct, yet Barron did not object to any factual allegation in the PSR. For sentencing purposes, the district court may accept as true any fact contained in the PSR and not objected to by the defendant. United States v. Razo-

---

[2]Because we find the district court committed no error, we pass by the Government's argument that any error in the quantity determination was waived as opposed to forfeited.

Guerra, 534 F.3d 970, 975 (8th Cir. 2008) (citing Fed. R. Crim. P. 32(i)(3)(A)). USSG § 2D1.1(c)(2) assigns an offense level of 36 to the distribution of between 5 and 15 kilograms of methamphetamine. The record amply supports the district court's finding that Barron was responsible for an amount within that range.

Barron also argues that the district court should have granted her an acceptance of responsibility adjustment under USSG § 3E1.1. "A district court's factual determination about whether the defendant accepted responsibility is entitled to great deference, and we will reverse it only if it is so clearly erroneous as to be without foundation." United States v. Spurlock, 495 F.3d 1011, 1014 (8th Cir.), cert. denied, 552 U.S. 1054 (2007). The burden to show acceptance of responsibility for sentencing purposes was upon the defendant, and she was required to "clearly demonstrate" such acceptance. Id.

Barron's only support for her entitlement to the acceptance of responsibility adjustment is that she made a confession upon being arrested and another statement after being convicted by the jury. Yet, Barron put the Government to its burden at trial and did not go to trial merely to advance a legal argument. See id. at 1015. (noting that "even a defendant who pleads guilty is not entitled to the downward adjustment as a matter of right so neither is a defendant who goes to trial to preserve issues that do not relate to factual guilt") (internal citation omitted). Further, the sentencing record reflects that Barron went to trial due to pressure from her family who believed that they had purchased favorable treatment for Barron from an unnamed person who allegedly had influence with federal authorities. The district court relied on that fact in rejecting Barron's request to apply the downward adjustment for acceptance of responsibility. Apart from the opprobrious and illegal nature of such conduct, it evidenced a positive desire to avoid responsibility for her crime. The district court's holding that Barron failed to meet her burden to show acceptance of responsibility enjoys a strong foundation in the record.

Accordingly, the judgment of the district court is affirmed.

_____